IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY A. PASSMORE,** | : | Civil Action No. 1:08-CV-0705 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

On April 15, 2008, Petitioner, an inmate presently confined at the State Correctional Institution at Waymart, Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Therein, he attacks a Snyder County Court of Common Pleas conviction for forgery, 18 PA. CONS. STAT. § 4101(a)(2). Preliminary review of the petition revealed that it may be barred by the statute of limitations. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*). Therefore, an order was entered affording the parties the opportunity to address the timeliness of the petition and any applicable tolling of the statute of limitations. (Doc. No. 4.) Petitioner filed a "Response" on April 24, 2008, in which he stated that because he was diagnosed as bipolar, and was on medication, he was hampered in his pursuit of his petition. (Doc. No. 6.) Respondents filed their response on May 14, 2008, asserting that the petition was untimely and that Petitioner had failed to set forth any facts or circumstances that would justify the tolling of the statute of limitations. (Doc. No. 9, at 3.) Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court concludes that the petition is subject to dismissal because it is not timely filed. See 28 U.S.C. § 2244(d).

**I.      BACKGROUND**

Petitioner is currently serving a sentence of one to five years for forgery that was imposed by the Court of Common Pleas of Snyder County on November 21, 2005. (Doc. No. 1, at 1.) No direct appeal was taken from the judgment.

On July 18, 2006, Petitioner filed a timely petition for post-conviction collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. No. 9, at 2, ¶ 8.) The petition was withdrawn on September 28, 2006. (Id.) There was no further litigation in state court.

The present federal petition was filed in this court on April 15, 2008.

**II.     DISCUSSION**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or

>   other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on November 21, 2005. He failed to pursue a direct appeal. Consequently, his conviction became final on December 21, 2005, when his time to appeal expired, and the one-year period for the statute of limitations commenced running as of that date. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the limitations period was tolled on July 18, 2006, when Petitioner filed his PCRA petition. The statute of limitations had run, however, from December 21, 2005, until July 18, 2006, meaning that approximately 209 days of the one-year period had elapsed before Petitioner's PCRA filing. The period remained tolled until September 28, 2006, the date on which he withdrew the petition. At that time he had 156 days remaining in which to file his federal petition. His federal petition was not filed until April 14, 2008, well after the expiration of the period.

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely

filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not allege that he was misled by either the Commonwealth or state courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong forum. The inquiry here focuses on whether Petitioner alleges "extraordinary circumstances" based upon the following: "I was on psycotropic [sic] medication and was not knowledgeable on the criminal precedure [sic] and staute [sic] of limitations on filing precedures [sic]. I was diagnosed as being bipolar in nature." (Doc. No. 6, at 1.)

"[M]ental incompetence is not a per se reason to toll a statute of limitations." Nara, 264 F.3d at 320 (citing Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000). Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition. Id. "Although the Third Circuit has not set out specific criteria . . . other courts in this Circuit have considered the following factors when presented with an equitable tolling argument premised on the petitioner's mental incompetency: (1) was the petitioner adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) was the petitioner institutionalized for his mental impairment; (3) has the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) has the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications." McCray v. Oxley, No. 07-191, ___ F. Supp. 2d ___, 2008 WL 2096810 (D. Del. May 14, 2008) (internal citations omitted). The totality of the circumstances are to be assessed. See Griffin v. Stickman, No. 04-975, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004).

Consideration of these factors weigh against equitable tolling in this case. There is no evidence of an adjudication of incompetency. Nor is there any evidence of a diagnosis of mental illness. Petitioner has failed to submit evidence of evaluations or a treatment regimen. Indeed, the record is devoid of any support for Petitioner's assertion of mental incapacity. Unsupported claims of incompetency are insufficient to present a viable basis for equitable tolling. See Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005); Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999) (finding that equitable tolling did not apply when petitioner's brief period of incapacity "occurred at a time so remote to his deadline" and petitioner could not show that he diligently pursued his application the remainder of the one-year filing deadline). Petitioner has not sufficiently supported his claim of mental incapacity. Consequently, he is not entitled to equitable tolling on this ground.

## III.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY A. PASSMORE,** | : | **Civil Action No. 1:08-CV-0705** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW**, this 18th day of June 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. The Clerk of Court is directed to **CLOSE** the case file.

3. A certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c).

                                                               S/ Yvette Kane
                                                               Yvette Kane, Chief Judge
                                                               United States District Court
                                                               Middle District of Pennsylvania